**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JIMMY & SHERONDA TUCKER, | ) ) ) | Case No.:  23-11270-JDW |
| Debtors. | ) | Chapter:  13 |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY (DKT. # 13)

This matter is before the Court on the *Motion for Relief from the Automatic Stay and for Abandonment of Real Property* (the "Motion")[1] filed by Ron C. Anderson, a creditor in the chapter 13 bankruptcy case of Jimmy and Sheronda Tucker, and the response thereto filed by the Debtors.[2]

The Court held a hearing on the Motion on October 3, 2023. Attorney William L. Fava appeared at the hearing on behalf of the creditor and attorney

---

[1] (Bankr. Dkt. # 13)
[2] (Bankr. Dkt. # 20)

1

Robert H. Lomenick appeared on behalf of the debtor. The parties testified and the Court received documents into evidence. At the conclusion of the hearing, the Court directed the attorneys to submit briefs on the issue of whether the agreement between the parties constituted a lease or disguised permanent financing, after which the Court would take the matter under advisement. After further analysis of the facts, the Court has determined that there is cause to lift the automatic stay, regardless of the nature of the parties' agreement.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334 and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(G).

## II. FINDINGS OF FACT [3]

The parties entered into an agreement dated August 12, 2017, whereby the debtors took possession of a house located at 650 West Lake Dr., Holly Springs, Mississippi 38635. Pursuant to the agreement, the debtors were to pay the creditor monthly payments of $805.95 per month for 180 months. The

---

[3] To the extent any of the findings of fact are considered conclusion of law, they are adopted as such, or vice versa.

debtors were also required to pay the insurance premiums on the house and half of the annual property taxes. The agreement further provided:

> The Property will be Quite [sic] Deeded over to Lessee at the end of the 10th year if all is in good standing.
> If the Lessee DEFAULTS on the agreement. The agreement will become NULL and VOID and there will be NO REFUND. You will vacate the property at the time requested by the Lessor.

Despite having been in possession under the agreement since 2017, the testimony was uncontroverted that the debtors have never paid their half of the annual taxes. While the debtors did pay the initial insurance premium when they moved into the house in 2017, they have failed to pay any of the premiums since then. The creditor has been forced to insure the house and pay the taxes for all the intervening years.

In addition, the debtors are substantially in default of their monthly payment obligations. While the parties dispute the amount of the arrearage and the evidence was inconclusive on the exact amount, it appears that the arrearage is at least $5,800, plus the unpaid taxes and insurance for the last six years, totaling approximately another $8,500. Assuming the lower end figure of $5,800 for the monthly payment arrearage is correct, the debtors would be required to pay a total arrearage claim of $14,300 during the plan, plus the ongoing monthly payment of $805, plus the annual taxes and insurance as those costs come due.

3

### III. CONCLUSIONS OF LAW

The filing of a petition for relief under any chapter of the Bankruptcy Code[4] operates as a stay of certain actions.[5] Typically, the actions stayed are actions by creditors to recover from a debtor, property of a debtor, or property of the bankruptcy estate for a debt that arose prior to the petition date.

#### A. Relief from the Stay

A party in interest may obtain relief from the automatic stay under § 362(d) of the Bankruptcy Code. In a motion for relief from stay, the burden of proof is on the debtor as to all issues except the issue of the debtor's equity in the property.[6] A bankruptcy court has broad discretion in determining whether to lift the stay.[7]

Subsection (1) of § 362(d) provides that the court shall grant relief from the stay upon a showing of "cause," including (but not limited to) the lack of adequate protection of an interest in property. "Cause" is not defined in that statute, giving bankruptcy courts the flexibility to define cause in a particular

---

[4] "Bankruptcy Code" refers to 11 U.S.C. §§ 101-1532.
[5] 11 U.S.C. § 362(a).
[6] 11 U.S.C. § 362(g); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 793 F.2d 1380, 1388 (5th Cir. 1986).
[7] *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 251-52 (5th Cir. 2006) (citing *Bustamante v. Cueva (In re Cueva)*, 371 F.3d 232, 236 (5th Cir. 2004)).

case.[8] Whether cause exists to grant relief from the stay is determined on a case-by-case basis, based on the totality of the circumstances.[9]

Here, the evidence is clear that cause exists to lift the automatic stay under § 362(d)(1). While the debtors appear to have made their best effort, and have paid a substantial amount over the years, they have not paid anywhere near the amount called for under the agreement. This has resulted in a five-figure arrearage and there was no evidence that the debtors will now be able to pay this substantial arrearage, plus the ongoing amounts they have been unable to pay for the last six years. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion is **GRANTED** to allow the creditor, Ron C. Anderson, to exercise his state law remedies as it relates to possession of the house. The stay remains in effect as to any collection activity and the creditor is limited to collection through the claims allowance and plan confirmation process in this bankruptcy case.

##END OF ORDER##

---

[8] *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986).
[9] *In re Mantachie Apartment Homes, LLC*, 488 B.R. 325, 331 (Bankr. N.D. Miss. 2013).